**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4219**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JUAN ANTONIO HUNTER,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:16-cr-00442-TDS-1)

Submitted: November 29, 2018               Decided: December 3, 2018

Before DUNCAN and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Antonio Hunter pled guilty, pursuant to a written plea agreement, to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (2012). The district court sentenced Hunter to a within-Guidelines sentence of 120 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning (1) the district court's compliance with Fed. R. Crim. P. 11 during Hunter's plea hearing; (2) the application of a U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(B) (2016) enhancement for the number of firearms involved in the offense; (3) the application of a USSG § 2K2.1(b)(6)(B) enhancement for possessing a firearm in connection with another felony offense; and (4) whether the sentence was otherwise procedurally and substantively reasonable. Hunter has filed a pro se supplemental brief challenging the same two sentencing enhancements and arguing that they were improperly based on uncharged conduct. The Government has declined to file a brief. We affirm.

Because Hunter did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, an appellant must show: (1) error; (2) that was plain; and (3) that affected his substantial rights. *Id.* at 816. "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Id.* (internal quotation marks omitted). Additionally, we exercise our discretion to correct such an error only if failing "to do so would seriously affect the fairness, integrity or public reputation of judicial proceedings."

2

*Id.* (internal quotation marks omitted). Our review of the record reveals that the district court substantially complied with Rule 11 in accepting Hunter's guilty plea, and that his plea was knowing, voluntary, and supported by an independent factual basis.

We review the reasonableness of Hunter's sentence for abuse of discretion. *United States v. Lymas,* 781 F.3d 106, 111 (4th Cir. 2015). First, we assess procedural reasonableness, considering whether the district court properly calculated the Sentencing Guidelines range, allowed the parties to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Gall v. United States,* 552 U.S. 38, 49-51 (2007). "In assessing the district court's calculation of the Guidelines range, we review its legal conclusions de novo and its factual findings for clear error," finding clear error only if "on the entire evidence[,] [we] [are] left with the definite and firm conviction that a mistake has been committed." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted). The Government must show by a preponderance of the evidence that a Guidelines enhancement applies. *United States v. Blauvelt*, 638 F.3d 281, 293 (4th Cir. 2011).

Both *Anders* counsel and Hunter challenge the district court's imposition of a four-level USSG § 2K2.1(b)(1)(B) enhancement for the offense involving eight firearms. A defendant whose offense involved 8 to 24 firearms is subject to a 4-level enhancement. USSG § 2K2.1(b)(1)(B). The enhancement was justified here, as Hunter's coconspirator informed police that he had traded eight stolen firearms to Hunter. Counsel's arguments regarding the Federal Rules of Evidence are irrelevant, as such rules are inapplicable to sentencing proceedings. *See* Fed. R. Evid. 1101(d)(3).

*Anders* counsel and Hunter next contest the district court's application of a four-level § 2K2.1(b)(6)(B) enhancement. This enhancement applies if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). "[A] weapon is used or possessed 'in connection with' another offense if the weapon facilitates or has a tendency to facilitate the other offense." *United States v. Blount*, 337 F.3d 404, 411 (4th Cir. 2003) (brackets and internal quotation marks omitted). "The firearm must have some purpose or effect with respect to the crime; its presence or involvement cannot be the result of accident or coincidence." *Id.* (brackets, ellipsis, and internal quotation marks omitted). Here, the district court properly applied the enhancement, as substantial evidence showed that Hunter and the firearm were involved in two shootings.

*Anders* counsel further questions whether Hunter's sentence is otherwise procedurally reasonable. Our review of the record reveals that the district court properly calculated Hunter's Guidelines range and articulated a reasoned basis for Hunter's sentence based on the § 3553(a) factors. Hunter's pro se argument regarding the use of uncharged conduct "is nullified by clear Supreme Court and Fourth Circuit precedent holding that a sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." *United States v. Grubbs*, 585 F.3d 793, 798-99 (4th Cir. 2009). Thus, Hunter's sentence is procedurally sound.

Finally, counsel asks us to review the substantive reasonableness of Hunter's sentence. If a sentence is free of "significant procedural error," we review it for

substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall,* 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors*." United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). We conclude that Hunter has failed to overcome the presumption of substantive reasonableness accorded his within-Guidelines range sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment and deny Hunter's motion to relieve counsel and substitute new counsel on the basis that Hunter has adequately raised the claims in his pro se supplemental brief. This court requires that counsel inform Hunter, in writing, of the right to petition the Supreme Court of the United States for further review. If Hunter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hunter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*